**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

TAJRICK CONAWAY,                    *
                                    *
            Petitioner,             *
VS.                                 *        CASE NO. 7:04-CV-0018 DF
                                    *             28 U.S.C. § 2255
UNITED STATES OF AMERICA,           *
                                    *        CASE NO. 7:00-CR- 0004 DF
            Respondent.             *

## REPORT AND RECOMMENDATION

Before the court is Petitioner Tarjick Conaway's Motion to Alter or Amend Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, filed on May 17, 2004, in response to the denial of his § 2255 Motion to Vacate his sentence on May 5, 2004, by this court.  In the current Motion, the Petitioner alleges new claims of ineffective assistance of counsel.  In his Motion to Supplement or Amend Petitioner's Pending 28 U.S.C. § 2255 Motion, filed on August 11, 2004, Petitioner alleges a violation of Federal Rule of Criminal Procedure 11(f) and further re-alleges his claims of sentencing violations pursuant to the holdings in the *Apprendi/Blakely/Booker* cases.

### Petitioner's Claims

### I.      Ineffective Assistance of Counsel

In his Motion to Amend, the Petitioner raises a new claim of ineffective assistance of his trial counsel, arguing that his counsel erroneously failed to present him with a copy of a plea agreement offered by the government on the day of trial.  Specifically, his claim states:

> "Petitioner asserts that counsel failed to communicate to him of the government first plea offer. The record demonstrates that he would have accepted a plea offer- Counsel was instructed to get him a deal. The Petitioner asserts that had counsel informed him of the initial plea offer he would have certainly been entitled to the extra level reduction for acceptance of responsibility and thereby he would have received a shorter sentence."

As was stated in the Recommendation filed in this case on March 29, 2004, in order to prevail on an ineffective assistance of counsel claim, the defendant must demonstrate both that (1) his counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. *Strickland v. Washington,* 466 U.S. 668, 687,-92, 104 S.Ct. 2052, 2064-67 (1984). A court deciding an ineffective assistance claim need not approach the *Strickland* inquiry in the same order or address both components of the *Strickland* inquiry if the prisoner makes an insufficient showing on one. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069; *Holladay v. Haley,* 209 F.3d 1243, 1248 (11th Cir. 2000) (noting that "[b]ecause both parts of the test must be satisfied in order to show a violation of the Sixth Amendment**,** the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice-versa").

The Eleventh Circuit Court of Appeals stated in *Rogers v. Zant,* 13 F.3d 384,486 (1994):

> The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. "The benchmark for judging any claim of

2

ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). To establish prejudice, the Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694..... When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992). And, "a court should be highly deferential to those choices ... that are arguably dictated by a reasonable trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one.

The record reveals that on the day Petitioner's trial was to begin, the government offered an unsigned plea agreement to Petitioner's counsel. (R-101, p. 14). The written plea agreement provided that the Petitioner would plead guilty to the offenses charges in the indictment, one felony count of drug trafficking and one felony count of distribution or possession with intent to distribute marijuana. *Id.* at 31. Upon receipt of the plea agreement, Petitioner's counsel requested a *chambers* hearing with the trial judge, wherein Judge Lawson agreed with Petitioner's counsel that the second charge should be reduced to the misdemeanor charge of simple possession of marijuana. *Id.* at 32. At that point, Petitioner's counsel informed Petitioner that it would be in his best interest to plead guilty to one felony count of trafficking cocaine and one misdemeanor count of possession of marijuana without

a written Plea Agreement.  The record reveals that the Petitioner then entered a plea to the two charges and was sentenced to 292 months imprisonment for the felony charge and a concurrent 12 months for the misdemeanor charge[1].

As stated above, Petitioner argues that his counsel never informed him of the original plea agreement.  (R-77, p. 2).  He contends that had he been made aware of the original plea agreement, that he would have been given a lesser sentence, because he would have been entitled to an extra level reduction for acceptance of responsibility. *Id*.  It should be noted that a review of Petitioner's Change of Plea Hearing transcript finds that AUSA Johstono told the court that he has prepared a plea agreement, but that this was to be a non-negotiated plea. (Docket No. 47, p. 2).    Thus, Petitioner's contention that he was unaware of the original plea agreement is unconvincing.

The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process.  *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S. Ct. 366 (1985).  As applied to the plea situation, the first prong of *Strickland* remains the same: the attorney's conduct must be shown to have fallen outside the range of reasonable conduct. *Hill,* 474 U.S. at 58.    Counsel need only provide a client who pleads guilty with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial.  *Wofford v. Wainwright,* 748 F. 2d 1505, 1508 (11th Cir. 1984).  The second prong of the *Strickland*

---

[1]Although Petitioner was later resentenced, the sentence remained unchanged.

test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59.

As to the first prong of the *Strickland* test, the Petitioner must prove that counsel's performance was so deficient that it fell below an objective standard of reasonableness. Here, he would have to show that not only did he fail to present Petitioner with the original plea agreement , which the court has deemed unlikely, and that the failure constituted error. However, because Petitioner cannot overcome the second prong of the ineffective assistance of counsel test in *Strickland*, this issue is irrelevant and his claim must fail.

Pursuant to *Strickland*, as stated above, "[E]ven if a defendant shows that particular errors of counsel were unreasonable, the defendant must show that they actually had an adverse effect on the defense." *Id.,* at 693, 104 S.Ct., at 2067.  Petitioner's claim that, if he had known about the original plea agreement, he would have pled guilty because he would have received a lesser sentence, is less than credible for several reasons.  First, had Petitioner pleaded guilty to two felonies, rather than one felony and one misdemeanor, his sentence would surely have been more severe, not less so.  Furthermore, nowhere in the original plea agreement was there any indication that Petitioner would have received a sentence reduction for acceptance of responsibility.

Petitioner's allegation that he would have a received a lesser sentence had he pled guilty to the felony charges listed in the indictment is at most a conclusory statement, merely his opinion.  Because conclusory claims are not cognizable, they do not merit consideration.

5

*State v. Jones,* 614 F.2d 80 (5ᵗʰ Cir. 1980). In fact, the Change of Plea transcript reveals that Judge Lawson, the sentencing judge, noted that "it's a benefit to your client to go under the lesser charge if the Court accepts it, and I will accept it if the Government agrees." (R- 47, p. 14). Petitioner cannot show that he was prejudiced by counsel's negotiation of a misdemeanor offense to which he could pled guilty, as opposed to a second felony offense. Thus, Petitioner has fails to carry his burden in regard to his ineffective assistance of counsel claim, because he can show no prejudice resulting therefrom.

## II.    Rule 11

In his Motion to Supplement or Amend Petitioner's Pending 28 U.S.C. § 2255 Motion, Petitioner also claims that Federal Rule of Criminal Procedure 11(f) was violated.[2] (R-80, p. 4). He contends that after reviewing the plea colloquy, he discovered that his plea had been entered unknowingly, involuntarily and unintelligently as the court had violated Rule 11(f). He further claims that his counsel was ineffective for failing to object to the violation. *Id.* Petitioner's claim is disingenuous.

In *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1999), the Court held, "[G]enerally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding. See *Greene v. United States,* 880 F.2d 1299, 1305 (11th Cir. 1989), cert. denied,

---

[2] Rule 11(f) does not require any instruction from the trial judge. The rule simply states that the trial admissibility of plea agreements and plea discussions are governed by Federal Rules Evidence 410.

6

494 U.S. 1018, 110 S.Ct. 1322 (1990).

When a defendant fails to pursue an available issue on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the error. *Cross v. United States,* 893 F. 2d 1287, 1289 (11th Cir.), cert. denied, 498 U.S. 849, 111 S. Ct. 138, (1990).

In the current case the Petitioner makes a vague claim that Rule 11 was violated and that his plea was uniformed. (Petitioner's Motion to Supplement, p. 4). However, he fails to state why he neglected to raise that issue on direct appeal. He further fails to show any prejudice resulting therefrom. A review of the transcript at the sentencing hearing reveals that the trial court was careful to ensure that Petitioner understood that he was pleading guilty to possession with intent to distribute crack cocaine in and possession with intent to distribute marijuana both in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2. The court went on to explain what the government would have to prove for him to be found guilty of the offenses. The transcript further reveals that the Petitioner admitted to the charges and gave a statement to that effect; there was never an issue as to admissibility. (R- 47, p. 14).

Because the Petitioner is unable to establish both cause for and prejudice resulting from his failure to raise the issue of violation of Rule 11(f), this court is without the authority to address the claim. Petitioner's contention, therefore, is procedurally barred.

### III.    Apprendi/Blakely/Booker

In his last enumeration of error, Petitioner claims that "his Sixth Amendment right was violated by imposition of enhanced sentence under U.S. Sentencing Guidelines based on sentencing Judge determination of fact (other than prior convictions.)" (R-82, p. 2). Hence, Petitioner argues that the ruling found in *Blakely v. Washington* is applicable to his case.

In the Recommendation filed in this case on March 25, 2004, the undersigned recommended that Petitioner's *Apprendi* claims be dismissed because the Eleventh Circuit Court of Appeals had previously found that the holding in *Apprendi* did not apply to the facts in his case.  Petitioner is now arguing that based on the holding in *Blakely* "clearly show(s) that Mr. Conanway was correct in his previously raised arguments."  (R-82, p. 2).

The facts in *Blakely* involved a State guideline sentencing scheme considered under the ruling in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), which was likewise a ruling in regard to a State statute.  The *Apprendi/Blakely* rulings were not extended to the Federal Sentencing Guidelines until the Supreme Court's ruling in *United States v. Booker - Fanfan,* 125 S.Ct. 738 (2005).  However, the *Apprendi/Blakely/Booker* principles were determined not to be retroactively applicable to cases upon collateral review such as Petitioner's § 2255 Motion To Vacate, Set Aside, or Correct his Sentence here.

The United States Supreme Court held, at page 769 of *Booker-Fanfan:*
> [W]e must apply the Sixth Amendment holding and our
> remedial interpretation of the Sentencing Act – to all cases on

direct review.  See *Griffin v. Kentucky,* 479 U.S. 314, 328 (1987) ([A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, *with no exception for cases in which the new rule constitutes a clear break with the past*).(emphasis added) See also *Reynoldsville Casket Co. V. Hyde,* 514 U.S. 749, 752 (1995).[3]

Moreover, the Eleventh Circuit Court of Appeals analyzed the *Booker-Fanfan* rulings

in its decision, *In re: Jerry J. Anderson,* 396 F.3d 1336 (11th Cir. 2005), holding:

> Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review.  *See Booker,* 125 S.Ct. at ___(opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review").  Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review.  . . .   Indeed, as we noted in *In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004), the Supreme Court has indicated the very opposite:
>
> > [T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively.  The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* ___U.S. ___, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review.  *Summerlin,* 124 S.Ct.

---

[3] *Reynoldsville* at 752*:* (New legal principles, even when applied retroactively, do not apply to cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039 (Harlan, J., concurring) (at some point, "the rights of the parties should be considered frozen" and a "conviction ... final")).

> at 2526; *see also Blakely,* 124 S.Ct. at 2548-49.
> . . .  It follows that because *Booker,* like *Blakely*
> and *Ring,* is based on an extension of *Apprendi,* (a
> defendant) cannot show that the Supreme Court
> has made that decision retroactive to cases already
> *final* on direct review.

In *Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005), the Eleventh Circuit

Court of Appeals held, "[A]s the Supreme Court concluded in *Schriro,* we conclude that

*Booker's* constitutional rule falls squarely under the category of new rules of criminal

procedure that do not apply retroactively to § 2255 cases on collateral review."

WHEREFORE, IT IS RECOMMENDED that Petitioner Conaway's Motion To Alter/

Amend Judgment along with his Motion to Supplement or Amend Petitioner's Pending 28

U.S.C. § 2255 Motion be DENIED as failing to overcome the *Strickland* standard for

judging ineffective assistance of counsel and for failing to otherwise state a claim upon

which relief may be granted.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may file and

serve written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE,

WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 21st day of June 2005.


S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE