# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| TAJRICK CONAWAY, | * | |
| Petitioner, | * | |
| | | CASE NO. 7:04-CV-00018-WDO |
| VS. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 7:00-CR-00004-WDO |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Conaway was indicted in this court on March 2, 2000. (R-1) On May 8, 2000, he pled guilty to Possession of Cocaine Base With Intent to Distribute in violation of 21 U.S.C. §841(a)(1) and to Possession of Marijuana in this court as Counts I and II of the Indictment. (R1-26) He was sentenced to serve 292 months imprisonment on August 28, 2000. (R1-42) He filed no direct appeal of his sentence.

On May 21, 2001, Petitioner filed a Motion to Vacate Set Aside or Correct his sentence under 28 U.S.C. § 2255, alleging numerous claims of ineffective assistance of counsel, including counsel's failure or refusal to file an appeal of Petitioner's sentence when timely requested by Petitioner to do so. After an evidentiary hearing with new counsel on October 17, 2001, Petitioner's was granted an out-of-time appeal. (R1- 51). Petitioner Conaway appeal on three grounds: 1) that the district court committed reversible *Apprendi v. New Jersey,* 530 U.S. 466 (2000), error by sentencing him in excess of the twenty-year maximum set forth in 28 U.S.C. § 841(a)(1)(C) when there was no drug quantity in the

indictment; 2) that the district court did erred by not reducing Conaway's offense level by an additional point for acceptance of responsibility; and, 3) that Petitioner's sentence should be remanded for reconsideration of the career offender enhancement found by the district under U.S.S.G. § 4B1.1.

The United States Court of Appeals for the Eleventh Circuit found that Petitioner's motion had merit as to his third claim only and remanded the case for reconsideration of sentencing as noted. (R-60 at 2, 3, 4, 15).

On March 31, 2003, the district court held a resentencing hearing according to the remand and mandate of the Eleventh Circuit Court of Appeals' above referenced decision. At the resentencing hearing, the Government entered into evidence a certified judgment from Broward County, Florida, a conviction for delivery of cocaine, which had not been authenticated at the time of Petitioner's original sentencing, from which the district court made a finding that there was then sufficient evidence to support the PSI contention that Petitioner was a career offender under U.S.S.G. § 4B1.1. Having so found, the district court reinstated Petitioner's 292 month sentence on April 9, 2003. (R-65)

On September 23, 2003, Petitioner Conaway filed a direct appeal of this resentence judgment, in response to which the United States Court of Appeals for the Eleventh Circuit found, "Because independent examination of the record reveals no issues of arguable merit, . . . Conaway's sentences are AFFIRMED." (R1-70)

Petitioner Conaway then filed a second (but not successive) collateral attack on his sentence on March 19, 2004. (R-71) In **Ground One** thereof, Petitioner contended that his

2

original counsel was ineffective for failing to make an *Apprendi* objection to his sentence. This claim had been raised before the Eleventh Circuit Court of Appeals in Petitioner's Conaway's out-of- time appeal and decided adversely to Petitioner by that Court. Shrouding the same issue in the cloak of ineffective assistance of counsel did not change the fact, as the appellate court had decided, that the *Apprendi* rule did not apply to Petitioner's circumstances. "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255. *United States v. Natelli,* 553 F.2d 5, 7 (2nd Cir. 1977). A rejected claim does not merit rehearing on a different, but previously available, legal theory. *Cook v. Lockhart,* 878 F.2d 220, 222 (8th Cir. 1989)." *See United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000).

The district court denied Conaway's Motion on May 6, 2004. (R-76) After granting Petitioner's several motions to amend, and, with the appointment of new counsel to assist him, a second evidentiary hearing was held on May 19, 2005. (R-100) The district court denied Petitioner's Motion on August 19, 2005. (R-107) Conaway again filed Notice of Appealed. However, the United States Court of Appeals for the Eleventh Circuit granted appeal as to following issue only, to wit:

> Whether the distict court violated *Clisby v. Jones,* 960 F.2d 925, 938 (11th Cir. 1992) (*en banc*), by failing to address appellant's claims that his counsel was ineffective for failing to (1) advise him that it was possible for him to enter a conditional guilty plea; and (2) to object to the amount of drugs for which he was held responsible.

(R-128) The Court decided Petitioner's appeal on June 19, 2006, and held that:

3

> The record [] establish[es], however, that the district court did address Conaway's claim that his counsel was ineffective for failing to object to the amount of drugs for which he was held responsible. We therefore vacate and remand solely for the district court to address the issue of whether Conaway's former counsel was ineffective for failing to advise him that it was possible for Conaway to seek to enter a conditional guilty plea while reserving the right to appeal the district court's suppression ruling.

(R-132 at 4). Pursuant to the remand of the district court's judgment, the Government was ordered to respond to Petitioner's designated claim. The Government filed its Response with Affidavit attached (R-134), and Petitioner Conaway file his Reply thereto (R-135). The district court decided the action against Petitioner Conaway in Order dated November 8, 2006. (R-137) Conaway file another Notice of Appeal on November 10, 2006. (R-139) The district court denied a certificate of appealability on December 5, 2006. (R-143) On January 31, 2007, the United States Court of Appeals for the Eleventh Circuit likewise denied Petitioner Conaway a certificate of appealability, "because appellant has failed to make a substantial showing of the denial of a constituinal right. 28 U.S.C. § 2253(c)(2)." (R-152)

On July 10, 2007, Petitioner Conaway filed a MOTION TO VACATE JUDGMENT DENYING HABEAS RELIEF PURSUANT TO FED. R. CIV. P. 60(b)(4) - (6) and etc. BASED ON THE COURT'S FAILURE TO ADDRESS PETITIONER'S CLAIMS IN HIS 2255 AMENDMENT FOR VIOLATIONS OF RULE 11/ PARTICIPATION BY A JUDGE. (R-157) While Petitioner Conaway's motion is titled Motion To Vacate Judgment, he urges the district court in his first paragraph "to vacate the judgment of January 30, 2007, denying habeas relief to uphold the fairness and integrity of the judicial proceedings." (Id. at 1). In support of his motion, Conaway states that he objected to the

4

procedure of habeas filings verbally and by letter at the March 31, 2003 resentencing hearing. Beginning on page 4 of his motion, Petitioner Conaway quotes from the transcript of the resentencing hearing of March 31, 2003, at which he advises the court that:

> I never had a chance to object because I didn't know anything about the law, and I was just wanting my objection to be stated for the record so when I file a 2255, that I would have some kind of issue to rely on because if I don't object to anything at this sentencing, then they won't even consider my 2255.

Petitioner did not state into the record what his objections were. On page 6 of his motion, Petitioner stated that on March 31, 2003, he simply "reminded the sentencing judge of the issues he'd wrote a letter to him about in the courtroom." Petitioner Conaway contends:

> PETITIONER IS ENTITLED TO RELIEF FROM THE DISTRICT COURT'S JANUARY 31, 2007, JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(6) WHERE THE DISTRICT COURT IMPROPERLY FAILED TO RULE ON THE MERITS OF ONE (1) OF THE PETITIONER'S HABEAS CLAIMS.

(R-157, Section 1 at 5, 6). Petitioner Conaway is in a high state of confusion. The district court did not render any order on January 31, 2007. The United States Court of Appeals for the Eleventh Circuit issued its Order denying Petitioner's application for a certificate of appealability (COA) on January 30, 2007, and the same was docketed in this court on January 31, 2007. (R-152). Moreover, Petitioner's complaint of the sentencing judges's conduct on March 31, 2003, even if inappropriate, has long since been barred by procedural default, since Petitioner did not raise any complaint in regard thereto in any of his direct

5

appeal attempts.[1] The colloquy which Petitioner has quoted fails to demonstrate improper participation by the court in the hearing on Petitioner's case. Petitioner has stated only vague, conclusory, and obviously incorrect claims in his present motion. He has failed to state a claim upon which this court may grant relief.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion be DENIED and DISMISSED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 12th day of July 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

---

[1] When a defendant fails to pursue an available issue on direct appeal, it will not be considered in a collateral attack unless he can establish cause for the default and actual prejudice resulting from the error. *Cross v. United States,* 893 F. 2d 1287, 1289 (11th Cir.), cert. denied, 498 U.S. 849, 111 S. Court. 138, (1990).