IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

TAJRICK CONAWAY,            :
                            :
    Petitioner,            :
                            :
v.                          :            CASE NO.: 7:00-CR-4 (WLS)
                            :
UNITED STATES OF AMERICA,   :
                            :
    Respondent.            :
_____:

**ORDER**

    Before the Court is a Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth, filed August 27, 2009. (Doc. 201). It is recommended that Petitioner's Rule 60(b) Motion for Relief from Judgment or Order (Doc. 198) be denied. (Doc. 201 at 2). The Recommendation observes that the instant Rule 60(b) Motion is indistinguishable from Petitioner's previous motion brought pursuant to 18 U.S.C. § 3582(c)(2), and that the Eleventh Circuit has already affirmed the Court's denial of Petitioner's § 3582 motion. (Doc. 201 at 2). All of the cases cited in the Recommendation are presented in support of the proposition that the District Court cannot tamper with issues already disposed of by the Eleventh Circuit. (*See id.* at 2-3).

    Petitioner filed a timely Objection to the Recommendation. (Doc. 202). Petitioner claims that the Rule 60(b) Motion is distinguishable from his previous motion, because while in his § 3582 motion he sought a sentence reduction, here he asserts that "this Court erred because it did not calculate the correct guideline upon review of said [§ 3582 motion]," which Petitioner

1

claims is a due process violation. (*Id.* at 1-2). Petitioner also claims that the case law relied upon in the Recommendation is "clearly outdated" because those cases predate Booker. (*Id.* at 2). A Supplement filed by Petitioner (Doc. 204) asserts that the Court failed to follow Spears v. United States, 129 S. Ct. 840 (2009), particularly in that "even when a particular defendant in a crack cocaine case presents 'NO' special mitigating circumstances … a sentencing court may nonetheless 'vary' downward from the advisory guideline range." (Doc. 204 at 3-4).

      The Court finds that Plaintiff's Objection (Doc. 202) and Supplement thereto (Doc. 204) fail to rebut the legally sound recommendation of Judge Faircloth. The Court finds that asking for a sentence reduction and asking for a sentence recalculation are one and the same. The Court finds that Booker has no bearing on the date of the decisions cited in the Recommendation, because those decisions all pertain to the impermissibility of this Court to alter a ruling of the Eleventh Circuit – Booker is thus inapposite. And the Court finds that Spears upholds the Kimbrough and Booker propositions that the Guidelines are advisory and a Court "*may* … vary downward from the advisory guideline range." Spears v. United States, 129 S. Ct. 840, 842 (2009) (emphasis added). A downward departure is only optional, and this Court declined to so elect in Petitioner's case.

      For the foregoing reasons, the objections set forth in Plaintiff's Objection (Doc. 202) and Supplement thereto (Doc. 204) are **OVERRULED** and United States Magistrate Judge Faircloth's August 27, 2009 Report and Recommendation (Doc. 201) is **ACCEPTED, ADOPTED** and made the Order of this Court. Accordingly, Petitioner's Rule 60(b) Motion for Relief from Judgment or Order (Doc. 198) is **DENIED**.

Additionally, because it is evident that Petitioner has disavowed the motion by subsequently filing his Supplement (Doc. 204), Petitioner's Motion to Hold in Abeyance (Doc. 203) is **DENIED as moot**.

**SO ORDERED** 7th day of April, 2010.

/s/ W. Louis Sands_____
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**