# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**TAJRICK CONAWAY**,

    Petitioner,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

Civil Action No. 7:04-CV-18 (HL)
Criminal Case No. 7:00-CR-04 (HL)

## ORDER

This matter is before the Court for preliminary review of Petitioner's Motion to Alter or Amend Judgment, filed on August 18, 2014 (Doc. 234), as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Pursuant to Federal Rule of Civil Procedure 15(c), Petitioner seeks leave to amend his original § 2255 motion filed on March 19, 2004.

This case has a lengthy history. Petitioner was indicted in this Court on March 2, 2000, on two counts: Count 1, possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); Count 2, possession of marijuana, in violation of 21 U.S.C. § 844(a). Petitioner entered a plea of guilty to both counts on May 8, 2000, without a written plea agreement. At sentencing, the Court deemed Petitioner a "career offender" under U.S.S.G. § 4B1.1, and imposed concurrent prison sentences of 292 months on Count 1 and 12 months on Count 2. The judgment became final on August 29, 2000.

Petitioner filed his first § 2255 motion on May 21, 2001, seeking leave to file an out of time appeal. Following an evidentiary hearing, Petitioner's motion was granted, and he appealed his conviction with the assistance of new counsel. The Eleventh Circuit Court of Appeals later remanded the case for re-sentencing, finding merit to Petitioner's claim that there was insufficient proof of the nature of the prior conviction used as a basis for labeling Petitioner has a career offender. This Court re-sentenced Petitioner on March 31, 2003. The Eleventh Circuit affirmed the conviction on October 28, 2003.

On March 19, 2004, Petitioner filed a second § 2255 motion, which the Court denied on May 5, 2004. In response to that denial, Petitioner filed a Motion to Alter or Amend Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure on May 17, 2004, alleging new claims of ineffective assistance of counsel. Specifically, Petitioner alleged that trial counsel erroneously failed to present him with a copy of a plea agreement offered by the government on the day of trial. Then, on August 11, 2004, Petitioner filed a Motion to Supplement or Amend Petitioner's Pending 28 U.S.C. § 2255 Motion, alleging violation of Federal Rule of Criminal Procedure 11(f) and re-alleging sentencing violations pursuant to the holdings in the Apprendi/Blakely/Booker cases. The Court denied these motions by order dated August 19, 2005.

Petitioner filed a timely appeal. The Eleventh Circuit granted a certificate of appealability on the following issue:

2

> Whether the District Court violated Clisby v. Jones, 960 F.2d 925, 938 (11th Cir. 1992) (en banc), by failing to address appellant's claims that his counsel was ineffective for failing to (1) advise him that it was possible for him to enter a conditional guilty plea; and (2) object to the amount of drugs for which he was held responsible.

(Doc. 132). Upon review, the Eleventh Circuit determined that the district court erred by failing to address adequately Petitioner's claim that his counsel was ineffective in neglecting to advise him that he could request to enter a conditional guilty plea while reserving the right to appeal the district court's ruling on a suppression motion. As a result, the case was remanded back to this Court solely to address this narrow issue.

The parties were ordered to file supplemental briefs in accordance with the Eleventh Circuit's mandate. On November 8, 2006, the Court adopted the recommendation to deny Petitioner's § 2255 motion on the one remaining ground, finding that Petitioner failed to carry his burden of proving that his counsel was ineffective in advising him about the entry of a conditional plea in the absence of evidence that such a plea was even a possibility. Petitioner again appealed. The Eleventh Circuit denied a certificate of appealability on January 30, 2007.

Refusing to be deterred, Petitioner filed yet another Motion to Vacate under 28 U.S.C. § 2255 on July 10, 2007. In that motion, Petitioner alleged pursuant to Federal Rule of Civil Procedure 60(b) that there were deficiencies in

his plea hearing. This Court again denied Petitioner's motion. The Eleventh Circuit denied Petitioner's motion for a certificate of appealability on December 12, 2007, finding that Petitioner's Rule 60(b) motion "was an attempt to file an impermissibly second or successive § 2255 motion, in which appellant attempted to raise new grounds for relief from his conviction and sentence." (Doc. 181).[1]

In Petitioner's latest motion, he asserts that "[t]rial and [a]ppellate [c]ounsel is ineffective for failing to object to the District Courts [sic] holding that Fla. Stat. 893.13 was a categorically [sic] match to 841 and a (aggravating felony) for enhancement purposes of 4B1.1." (Doc. 234). According to Petitioner, during re-sentencing his attorney failed to object to the categorization of Petitioner as a career offender, which ultimately resulted in the imposition of a sentence in excess of the sentencing guidelines. Petitioner seeks leave to amend his original § 2255 motion, filed on March 19, 2004, under Federal Rules of Civil Procedure 15. Petitioner claims that in Ground One of his original motion, he alleged that his attorney failed to investigate and research his prior criminal history. He argues that the allegations contained in his proposed amendment arise out of the same conduct and occurrences and thus relate back to his timely filed § 2255 motion.

---

[1] In the interim, Petitioner attempted to take a different approach and filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10(c), Amendment #750. He appealed denial of this motion all the way through the denial of a Petition for Writ of Certiorari by the United States Supreme Court, entered on January 22, 2014.

Rule 12 of the Rules Governing § 2255 Proceedings permits application of the Federal Rules of Civil Procedure to the extent that there is no conflict with the Rules Governing § 2255 Proceedings. See Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003). Rule 15(a) allows a party to "amend its pleading once as a matter of course" at any time prior to service of a responsive pleading or motion or "only with the opposing party's written consent or the court's leave." See Fed.R.Civ.P. 15(a). Under Rule 15(c), however, the amendment must relate back to the original pleading. Fed.R.Civ.P. 15(c). "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed.R.Civ.P. 15(c)(1)(B). Relation back "causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000) (holding that new claims alleging different trial errors were not part of the same course of conduct and did not relate back to the timely filed § 2255 motion).

Rule 15(c) has a narrow purpose and is not intended to be construed so broadly as "to allow an amended pleading to add an entirely new claim based on a different set of facts." Farrris, 333 F.3d at 1215. The rule "can be used in cases where a defendant files a timely § 2255 motion and then later files an amendment or additional motion that relates back to the original § 2255, but

would otherwise be untimely." United States v. Hames, 431 Fed. App'x 846, 847 (11th Cir. 2011). For an untimely § 2255 claim to relate back under Rule 15(c), "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose of the same trial and sentencing proceedings." Davenport, 217 F.3d at 1344 (analyzing United States v. Pittman, 209 F.3d 314 (4th Cir. 2000); United States v. Duffus, 175 F.3d 333 (3d Cir.), cert. denied, 528 U.S. 866 (1999); United States v. Craycraft, 167 F.3d 451 (8th Cir. 1999)). The untimely claim "must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" Id.

The fatal flaw in Petitioner's pending motion is in its timing. The law is clear that Rule 15 has no post-judgment application. United States v. Hames, 431 Fed. App'x 846, 847 (11th Cir. 2011) (citing Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344-45 (11th Cir. 2010). "A motion under § 2255 can only be amended under Rule 15 before judgment is issued." Id. The Court entered judgment on Petitioner's original § 2255 motion on August 19, 2005. Rule 15 does not permit Petitioner to come back nine years later and amend his motion to either alter or add new claims. Petitioner's motion accordingly is denied.

Even if the Court construes Petitioner's motion as raising new grounds for habeas relief, the Court must dismiss the motion as successive. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C.

6

§ 2255 became effective on April 24, 1996. Pursuant to the AEDPA, the movant in a § 2255 proceeding must file an application with the appropriate Court of Appeals for an order authorizing the District Court to consider a second or successive § 2255 motion. 28 U.S.C. § 2255(h); see also Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Court. Without evidence of the requisite authorization, this Court lacks jurisdiction to consider a successive petition from Petitioner. See Farris, 333 F.3d at 1216; Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997).

For the foregoing reasons, Petitioner's motion to amend his § 2255 motion under Rule 15(c) is denied. (Doc. 234). To the extent that Petitioner's motion should be re-characterized as a new petition for habeas corpus relief, the motion is dismissed without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition.

Petitioner has no absolute entitlement to appeal this dismissal. 28 U.S.C. § 2252(c)(1). Before he may appeal, the district court first must issue a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(1). When the district court denies or dismisses a habeas petition "on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000). Here, Petitioner seeks to amend his original § 2255 motion pursuant to Rule 15 of the Federal Rules of Civil Procedures nine years after the entry of judgment. The law does not permit the type of post-judgment relief sought by Petitioner. Alternatively, Petitioner's motion may be construed as a second or successive petition within the meaning of 28 U.S.C. § 2255(h). Reasonable jurists could not find the Court's decision to deny Petitioner's motion and dismiss his pending claims to be debatable or wrong. Accordingly, Petitioner is denied a COA.

**SO ORDERED**, this the 22nd day of September, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks