**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**TAJRICK CONAWAY**,

      Petitioner,

v.                                                    Criminal Case No. 7:00-CR-04 (HL)

**UNITED STATES OF AMERICA**,

      Respondent.

## ORDER

This matter is before the Court on Petitioner Tajrick Conaway's Motion for Relief from Judgment of Order pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 238). Petitioner moves the Court to vacate the Judgment entered on April 9, 2003, sentencing him to 292 months imprisonment. He contends that when the Court resentenced him on April 9, 2003, the Court erred by applying the "modified categorical approach" to his March 27, 1997 conviction under Florida Stat. 893, which in turn led to the conclusion that Petitioner qualified as a career offender for the purpose of sentencing.[1]

Rule 60 provides that a court may relieve a party from judgment in a limited number of circumstances, including where "any other reason justifies relief." Fed.R.Civ.P. 60(b)(6). However, Rule 60(b) "does not provide for relief

---

[1] Petitioner appealed his sentence on April 18, 2003. The Eleventh Circuit affirmed the sentence on October 28, 2003. It is unclear from the record whether the issue addressed in Petitioner's current motion was raised on direct appeal.

from judgment in a criminal case." <u>United States v. Mosavi</u>, 138 F.3d 1365, 1366 (11th Cir. 1998); <u>see also</u> <u>Gonzalez v. Grosy</u>, 545 U.S. 524, 532 (2005) (explaining that a Rule 60(b) motion is to be treated as a successive habeas petition if is (1) "seeks to add a new ground of relief," or (2) "attacks the federal court's previous resolution of a claim *on the merits*").

Here, Petitioner seeks relief from the April 9, 2003 Judgment of this Court. Because Petitioner has previously been denied Section 2255 relief (Doc. 107), and because Petitioner seeks to assert a new ground for relief, his motion must be construed as a second or successive habeas petition. <u>Id.</u> Accordingly, Petitioner first must obtain authorization from the Eleventh Circuit before filing a successive petition. 28 U.S.C. § 2255(h); <u>see</u> <u>also</u> Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Court. Without evidence of the requisite authorization, this Court lacks jurisdiction to consider a successive petition from Petitioner. <u>See</u> <u>Farris v. United States</u>, 333 F.3d 333 F.3d 1211 1216 (11th Cir. 2003) (citing <u>Hill v. Hopper</u>, 112 F.3d 1088, 1089 (11th Cir. 1997). Petitioner's motion is therefore **DISMISSED** without prejudice to his right to request leave of the Eleventh Circuit to file a second or successive habeas petition.

"Where a district court lacks subject matter jurisdiction over a Rule 60(b) motion, . . ., it also lacks jurisdiction to grant a "certificate of appealability ("COA"). <u>Williams v. Chatman</u>, 510 F.3d 1290, 1294 (11th Cir. 2007) (citing

Boone v. Sec'y, Dep't of Corr., 377 F.3d 1315, 1317 (11th Cir. 2004) (per curium) (vacating a COA granted by the district court, which lacked subject matter jurisdiction over the prisoner's Rule 60(b) motion)). Accordingly, no COA shall be issued.

      **SO ORDERED**, this the 17th day of March, 2017.

                           *s/ Hugh Lawson*
                           **HUGH LAWSON, SENIOR JUDGE**

aks